# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

RICHARD SOLDAN,

    Plaintiff,

v.                                          Case No. 2:19-cv-11334
                                            Hon. Arthur J. Tarnow

WILLIAM R. ROBINSON, et al.,

    Defendant.
_____/

## **OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL**

### I.     INTRODUCTION

Plaintiff Richard Soldan filed this *pro se* civil rights complaint against the Michigan Department of Corrections and three of its employees in their individual and official capacities. Plaintiff alleges that he did not receive the process he was due when Defendants revoked his parole without a full revocation hearing to which he was entitled. The Court granted Plaintiff's application to proceed without prepaying fees or costs on May 20, 2019. (ECF No. 6.) The Court now dismisses defendant Michigan Department of Corrections.

### II.     FACTUAL BACKGROUND

On April 26, 2017, while detained in the Genesee County Jail, Plaintiff was served with a notice of parole violation charges. (Compl. at 7, ECF No. 1, PageID

10.) The same day, Plaintiff signed both pages of the charging document. (*Id*. at Exhs. A, B, PageID 36, 38.) The first page of the form states, "My signature does not in any way constitute an admission to the above charges." (Compl. Exh. A, PageID 36.) By signing the second page, Plaintiff waived his right to a preliminary parole violation hearing. However, that page states, "I understand that waiver of the preliminary hearing is not an admission of guilt and that I still have the right to a full revocation hearing . . ." (Compl. Exh. B, PageID 38.)

On May 24, 2017, an unknown Michigan Department of Corrections officer transported Plaintiff to the Clinton County Jail (also known as "IDRp"). (Compl. at 7, PageID 10.) Once there, Plaintiff made repeated attempts to determine his status, that is, when he would receive a hearing and when he could expect to be released. (*Id*. at 7, 7B, PageID 10, 12.) After an unknown parole agent told him he was not going to receive a hearing, Plaintiff attempted to file an MDOC grievance. However, he was unable to do so, because he was not provided a grievance form despite numerous requests. (*Id*.)

Defendants Robinson, Warner, and Robertson completed and signed MDOC form "Parole Violation Worksheet and Decision" on May 15 and 16, 2017. (Compl. Exh. C, PageID 40-41.) Defendant Robinson recommended Plaintiff "return to DRC [Detroit Reentry Center] for residential treatment." (*Id*. at 41.) Defendant Warner concurred, stating that Plaintiff should "be sanctioned to the

2

DRC" substance abuse programs. (*Id*.) Defendant Robertson entered the final decision, which was to "Reinstate, Residential ReEntry Program . . . . IDRp or Ingham," along with other conditions. (*Id*.) Plaintiff was released from IDRp June 22, 2017. (*Id*. at 7B, PageID 12.)

In January 2017, before the parole revocation issues arose, Plaintiff objected to his parole condition of a GPS tether, believing it to be contrary to law. (Compl. at 7A, PageID 11.) He threatened to sue Defendant Robinson over the issue. (*Id*.)

Plaintiff raises both federal and state claims. He argues that his rights were violated pursuant to the Fourteenth Amendment to the U.S. Constitution, for the lack of due process in his parole revocation; and the First Amendment, because Defendant Robinson's actions were motivated by Plaintiff's threatened lawsuit. Plaintiff's state-based claims include a due process claim under the Michigan Constitution, false imprisonment, and gross negligence.

Plaintiff seeks declaratory and injunctive relief, as well as compensatory damages for his loss of liberty between April 24, 2017, and his final release on June 22, 2017.

### III.   LEGAL STANDARD

A civil complaint filed by a prisoner proceeding *pro se* is subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and

3

to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

A complaint is frivolous and subject to *sua sponte* dismissal under § 1915(e) if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To determine whether a plaintiff has failed to state a claim, a court must "construe his complaint in the light most favorable to him, accept his factual allegations as true, and determine whether he can prove any set of facts that would entitle him to relief." *Wershe v. Combs*, 763 F.3d 500, 505 (6th Cir. 2014) (quoting *Harbin–Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)).

## IV. DISCUSSION

Plaintiff may not maintain a 42 U.S.C. § 1983 action against the Michigan Department of Corrections. Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, by citizens of another state, foreigners or its own citizens." *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)). Unless the state has waived immunity or Congress has expressly abrogated it by statute, the states and their departments are immune under the Eleventh Amendment from suit in the

4

federal courts. *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013), *cert. denied*, 571 U.S. 1174 (2014) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978)). Neither circumstance applies: Congress has not expressly abrogated Eleventh Amendment immunity under section 1983, and the State of Michigan has not consented to civil rights suits in federal court. *Id.* (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979); *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)).

In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See, e.g., McCoy v. Michigan*, 369 Fed. App'x 646, 653-54 (6th Cir. 2010); *Courtemanche v. Gregels*, 79 Fed. App'x 115, 116 (6th Cir. 2003). In addition, the MDOC is not a "person" who may be sued under § 1983 for money damages. *Harrison*, 722 F.3d at 771 (citation omitted).

## V. ORDER

Accordingly, the complaint against Defendant Michigan Department of Corrections is summarily **DISMISSED**. 28 U.S.C. §§ 1915(e)(2), 1915A(b).

**SO ORDERED**.

    s/Arthur J. Tarnow
ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

Dated: June 17, 2019