UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD SOLDAN,

       Plaintiff,

vs.

WILLIAM R. ROBINSON, et al.,

       Defendants.
_____/

Civil Action No.
19-cv-11334

HON. MARK A. GOLDSMITH

**OPINION & ORDER
(1) ACCEPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DATED FEBRUARY 23, 2022 (Dkt. 55), (2) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Dkt. 49), AND (3) DISMISSING WITHOUT PREJUDICE PLAINTIFF'S REMAINING STATE-LAW CLAIMS**

This matter is presently before the Court on the Report and Recommendation (R&R) of Magistrate Judge Anthony Patti, issued on February 23, 2022 (Dkt. 55). In the R&R, the Magistrate Judge recommends that the Court (i) grant Defendants James B. Robertson, William R. Robinson, and Robert A. Warner's motion for summary (Dkt. 49)—which seeks summary judgment on Plaintiff Richard Soldan's federal claims against them and (ii) decline to exercise supplemental jurisdiction over Soldan's remaining state-law claims.

The parties have not filed objections to the R&R, and the time to do so has expired. See Fed. R. Civ. P. 72(b)(2) (requiring objections to be filed within 14 days of the R&R); 3/8/22 Order (Dkt. 58) (extending 3/9/22 objections deadline to 3/11/22). The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other

standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 108 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). However, there is some authority that a district court is required to review the R&R for clear error. See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error and accepts the recommendation.

Accordingly, the Court accepts the R&R (Dkt. 55), grants Defendants' motion for summary judgment (Dkt. 49), and exercise its discretion to decline to exercise supplemental jurisdiction over the remaining state law claims by dismissing these claims without prejudice. 28 U.S.C. § 1367(c)(3); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726–727 (1966) ("[I]f the federal claims are dismissed before trial, ... the state claims should be dismissed as well.").

SO ORDERED.

Dated: March 14, 2022  s/Mark A. Goldsmith
     Detroit, Michigan  MARK A. GOLDSMITH
       United States District Judge