UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD SOLDAN,

       Plaintiff,

vs.

WILLIAM R. ROBINSON, et al.,

       Defendants.
_____/

Civil Action No.
19-cv-11334

HON. MARK A. GOLDSMITH

### OPINION & ORDER
### OVERRULING OBJECTIONS (Dkt. 61)

Defendants James B. Robertson, William R. Robinson, and Robert A. Warner filed a motion for summary judgment (Dkt. 49), which was referred to the magistrate judge for a report and recommendation (R&R) (Dkt. 54). The magistrate judge issued an R&R (Dkt. 55), recommending that the Court (i) grant Defendants' motion—which sought summary judgment on Plaintiff Richard Soldan's federal claims against them—and (ii) decline to exercise supplemental jurisdiction over Soldan's remaining state-law claims. The Court did not receive objections to the R&R by the deadline. Three days after the objections deadline had passed, the Court issued an opinion adopting the R&R, granting Defendants' motion for summary judgment, and dismissing Soldan's state-law claims (Dkt. 59). Six days after the objections deadline had passed, the Court received—by mail—objections from Soldan, an e-filer (Dkt. 61). The Court now considers these objections. For the following reasons, Soldan's objections are overruled.

### I. BACKGROUND

The background has been set forth in the R&R, see R&R at 1–7; thus, it need not be redescribed in full here. In relevant part, Soldan was previously incarcerated with the Michigan

Department of Corrections (MDOC), and he was originally paroled in March 2016. Id. at 1. Robinson began serving as Soldan's parole agent in January 2017. Id. at 1–2.

In April 2017, the police notified Robinson that Soldan had been arrested for failure to pay fees associated with the Sex Offender Registration Act and was being detained at in the Genesee County Jail. Id. at 2. Following Soldan's arrest, Robinson drafted parole violation charges against Soldan, which included a curfew violation, use of alcohol, and failure to comply with the proper use of his GPS tether. Id. A parole agent, Kyle Kendall, served these charges on Soldan at the Genesee County Jail. Id. According to Kendall's parole violation report, Soldan denied alcohol consumption, but admitted that he had failed to keep his GPS tether charged (which prevented the GPS unit from being able to track him). Id. at 2–3. Also according to Kendall's report, when Soldan was served with the charges, Soldan waived his right to a preliminary parole violation hearing. Id. at 3. Soldan did not have any formal parole violation hearing. Id. at 4.

On May 10, 2017, Soldan was released from the Genesee County Jail. Id. at 3. On May 15, 2017, Robinson submitted to MDOC Parole Supervisor Warner his recommendation that Soldan be returned to a residential re-entry program and that parole be continued. Id. Confinement to a re-entry program is part of MDOC policy for those on parole. Id. at 14. Warner agreed with the recommendation and submitted it to MDOC Parole Violation Specialist Robertson. Id. at 3–4. Robertson approved the recommendation. Id.

On May 25, 2017, Soldan was placed in the intensive detention re-entry program at Clinton County Jail. Id. at 4. Soldan was released from Clinton County Jail on June 22, 2017—43 days after he was released from Genesee County Jail. Id. The magistrate judge noted that because Soldan was placed in the re-entry program as part of his parole—rather than being returned to

prison—Soldan's parole was "continued, not revoked."  Id. (citing Robertson Aff. ¶ 10 (Dkt. 49-4)).  Soldan disputes this classification, as discussed below.

Soldan brings due process claims, alleging that Robinson found him guilty of parole violations and recommended confinement to a re-entry program—which was approved by Warner and Robertson—without a hearing, plea, or waiver.  Id.  Soldan also brings a First Amendment retaliation claim against Robinson, alleging that "'Robinson violated [his] right to redress of grievances--secured by the 1st Amendment--when throughout the duration of [his] Confinement (from 5-10-17 through 6-22-17), Robinson (having the power at all times), refused to release [him] from the Confinement, in Retaliation for [his] promises 'of suing [Robinson] over the GPS.'"  Id. (quoting Compl. ¶ 25 (Dkt. 1)).  In addition, Soldan brings various state-law claims against Defendants.

## II.  ANALYSIS

As a threshold matter, because Soldan is listed as an e-filer on the docket, the Court understood that Soldan would electronically file his objections on the docket.  This is because, pursuant to R5(a) of the Eastern District of Michigan's electronic filing policies and procedures, e-filers "are required to file papers electronically."[1]  However, Soldan elected to file his objections by mail.  As a result, "the date of the . . . postmark stamped on the envelope [is] . . . the filing date."[2]  The postmark stamped on the envelope containing Soldan's objections is dated March 11, 2022.  By the Court's order, Soldan's objections were due by this date (Dkt. 58).  Accordingly,

---

[1] See E.D. Mich., Electronic Filing Policies and Procedures, available at https://www.mied.uscourts.gov/pdffiles/policies_procedures.pdf.

[2] See 22-AO-18, available at https://www.mied.uscourts.gov/PDFFIles/22AO018.pdf.

3

the Court deems Soldan's objections timely.

Although Soldan's objections are timely, they are not well taken, as the analysis below demonstrates.

### A. First, Second, and Third Objections

Based on the record, the magistrate judge concluded that Soldan was provided with "all the process due under the Fourteenth Amendment." R&R at 14. Pursuant to MDOC Policy Directive 06.06.100—which "represents the MDOC's adoption of policies consistent with the due process requirements"[3]—a parolee charged with parole violations receives a preliminary hearing within ten days of arrest (unless the parolee waives the hearing), and a hearing before a final decision on the revocation of the parolee's parole. Id. at 14–15 (citing MDOC Policy Directive 06.06.100 (Dkt.49-6)). The MDOC is not required to seek revocation (which would return the parolee to prison); rather, a parole violation specialist can take other appropriate action, such as placing the parolee in a re-entry program, thereby negating the need for a full revocation hearing. See MDOC Policy Directive 06.06.100. The magistrate judge stated that Soldan did not contest that he waived his right to a preliminary parole hearing. R&R at 13 (citing Compl. at PageID.10). Further, the magistrate judge also observed that Soldan did not contest that his parole term remained unchanged, even though Soldan stated "generally (although incorrectly) that his parole was 'revoked' without the requisite hearing." Id. at 14. As a result, Soldan was entitled to neither a preliminary hearing nor a full revocation hearing. See id.

---

[3] The magistrate judge's determination comports with conclusions reached by other courts that MDOC Policy Directive 06.06.100 is "consistent with the minimum due process requirements set forth in [Morrissey v. Brewer, 408 U.S. 471 (1972)]." Soldan v. Washington, No. 1:19-cv-657, 2019 WL 5257933, at *3–4 (W.D. Mich. Oct. 17, 2019).

In his first three objections, Soldan argues that the magistrate judge incorrectly stated that Soldan's parole was continued (rather than being revoked) and that Soldan's parole period was unchanged. Objs. at 2–7. The magistrate judge determined that Soldan's parole was continued, not revoked, based on the record evidence. See R&R at 4 (citing Robertson Aff. ¶ 10). Soldan fails to come forward with any evidence to rebut this fact. Thus, the Court may consider the fact undisputed. See Fed. R. Civ. P. 56(e)(2) (stating that if a party "fails to properly address another party's assertion of fact," the court may "consider the fact undisputed for purposes of the motion"). As a result, Soldan has failed to demonstrate a genuine issue as to this fact that would preclude granting Defendants summary judgment. See Wrench LLC v. Taco Bell Corp., 256 F.3d 446, 453 (6th Cir. 2001) (explaining that once the moving party shows the absence of a genuine dispute of material fact, "the burden shifts to the nonmoving party to set forth specific facts showing a triable issue," and, if the nonmoving party fails to do so, the moving party is entitled to summary judgment) (punctuation modified).

As for Soldan's parole period, the magistrate judge stated that Soldan did not contest—in his response to Defendants' motion for summary judgment—that his parole period remained unchanged. R&R at 13–14. Issues raised for the first time in objections to an R&R are deemed waived. Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

In his third objection, Soldan also argues that the magistrate judge erred in finding that his due process claims against Defendants failed because they were not personally involved in the alleged due process violations. Objs. at 7. This argument completely lacks merit, as the magistrate judge recommended granting summary judgment for reasons other than Defendants' lack of personal involvement. The magistrate judge recommended that the Court "need not

5

address Defendants' additional argument[] regarding . . . personal involvement." R&R at 14–15. The Court agrees with the magistrate judge.

Accordingly, Soldan's first, second, and third objections are overruled.

### B. Fourth, Fifth, Sixth, and Seventh Objections

Soldan's fourth, fifth, sixth, and seventh objections concern his First Amendment retaliation claim. He faults the magistrate judge for relying, in part, on Kendall's affidavit in concluding that Defendants satisfied their initial burden of showing a lack of a genuine factual dispute as to the causation element of the retaliation claim. Objs. at 8–9. However, the magistrate judge relied on other record evidence as well in reaching this conclusion, such as Robinson's affidavit, the parole violation charges, and the parole violation report. See R&R at 17–19. Thus, even disregarding Kendall's affidavit, the magistrate judge is still correct that "Defendants satisfied their initial burden of proving a lack of genuine factual dispute with respect to causation" and "neither the allegations in Plaintiff's complaint nor his response brief, both signed under penalty of perjury, create a genuine issue of material fact regarding causation." R&R at 19.

Soldan contends that the magistrate judge misclassified Soldan's allegations as relying on temporal proximity to show causation, and that the magistrate judge erred in not finding that Soldan's verified complaint and response brief created a genuine dispute as to causation. Objs. at 9–13. According to Soldan, he relied "on the fact that . . . Robinson . . . admitted to Plaintiff on the day of his release . . . that he 'didn't want Plaintiff out, with your threats of suing me over GPS', and 'Robinson wanted Plaintiff back in prison.'" Id. The magistrate judge acknowledged this allegation, however, and considered it in the causation analysis. See R&R at 20 (stating that

Soldan asserts that "Robinson admitted to confining him . . . because of his threat to sue"). Upon considering this allegation, the magistrate judge concluded that Soldan "never explicitly asserts that he did not violate parole for the reasons charged"—the parole violation charges being Defendants' non-retaliatory reason for confining Soldan in the re-entry program. R&R at 20. Because Soldan submitted no evidence to undermine the legitimacy of the parole violation charges, he could not show that his threats to sue Robinson were the but-for cause of Soldan not being released—which is what a plaintiff must show in order to establish causation. See Nieves v. Bartlett, 139 S. Ct. 1715, 1722 (2019) ("It is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured—the motive must cause the injury. Specifically, it must be a 'but-for' cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive.") (emphasis in original). The magistrate judge properly concluded that "even viewing this evidence in a light most favorable to Plaintiff, no reasonable jury could conclude that but for Plaintiff's threats to sue Robinson over the GPS tether, Robinson would not have charged Plaintiff with parole violations or recommended the re-entry program . . . ." R&R at 20. Therefore, the magistrate judge did not conclude that Soldan strictly relied on temporal proximity to show causation, nor did the magistrate judge err in finding no genuine dispute of material fact regarding causation.[4]

Soldan argues that the magistrate judge's conclusion regarding the First Amendment retaliation claim incorrectly states that Robinson's retaliatory conduct consisted of charging

---

[4] Soldan also charges that the magistrate judge improperly made a "credibility determination" in finding that Soldan's complaint and response brief did not establish a genuine dispute of material fact as to the causation issue. Objs. at 10. However, the R&R clearly shows that the magistrate judge found that Soldan failed to demonstrate a material factual dispute because he failed to assert that he did not violate parole for the reasons charged. R&R at 20.

Soldan with parole violations, rather than failing to release Soldan from confinement sooner than June 22, 2017. Objs. at 9–10. Indeed, Soldan alleged that Robinson retaliated against him by "refus[ing] to release Plaintiff from confinement," Compl. ¶ 25 (Dkt. 1), which the magistrate judge acknowledges in the R&R, see R&R at 5, 15 (citing Compl. ¶ 25). But as the R&R demonstrates, Soldan was not released from the re-entry program until June 22, 2017 due to Robinson's charges that Soldan had violated parole and recommendation that Soldan be returned to a re-entry program and have his parole continued. Id. at 3–4. Thus, although Soldan describes the adverse action as confining him, it is also fair to describe the adverse action—as the magistrate judge does—as charging Soldan with parole violations and recommending return to a re-entry program, as these actions are what caused Soldan's placement in the re-entry program. Soldan has not shown that the magistrate judge's description of the adverse action constitutes an error that warrants rejecting the R&R.

For these reasons, Soldan's fourth, fifth, sixth, and seventh objections are overruled.

**C.   Eighth Objection**

Soldan's eighth objections is derivative of prior ones. Soldan takes issue with the magistrate judge's conclusion that, "[a]s Plaintiff has failed to demonstrate a genuine issue of material fact regarding whether Defendants committed any constitutional harm against him, described in detail above, the Court should conclude that Defendants are entitled to qualified immunity." R&R at 22. Soldan contends that his previous objections "demonstrate[] a genuine issue of material fact in dispute." Objs. at 14. Because the Court has rejected Soldan's prior arguments, it likewise overrules his eighth objection.

### D. Ninth Objection

In his ninth objection, Soldan urges the Court to disregard the magistrate judge's recommendation that the Court decline to exercise supplemental jurisdiction over Soldan's state-law claims, arguing that a district court does not abuse its discretion by retaining jurisdiction over state-law claims after dismissing all federal claims. Objs. at 15 (citing Rosado v. Wyman, 397 U.S. 397, 405 (1970)). However, just because the Court can exercise supplemental jurisdiction does not mean that it is compelled to do so. In this case, "judicial economy, convenience and fairness to litigants" do not weigh in favor of the Court exercising supplemental jurisdiction over the state-law claims. See United Mine Workers v. Gibbs, 383 U.S. 715, 727 (1966). Soldan's ninth objection, therefore, is overruled.

## II. CONCLUSION

For the foregoing reasons, the Court overrules Soldan's objections to the R&R. Soldan's objections do not alter the Court's decision to adopt the R&R and grant Defendants' motion for summary judgment. The case remains closed.

SO ORDERED.

Dated: March 31, 2022          s/Mark A. Goldsmith
       Detroit, Michigan       MARK A. GOLDSMITH
                               United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 31, 2022.

                               s/Karri Sandusky
                               Case Manager